UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-16-1

FILED

2017 AUG 2 PM 12 44

U.S. DISTRICT COURT
NEW HAVEN, CT.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:16CR238 (SRU) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| FRANCISCO BETANCOURT, | : | 18 U.S.C. §§ 1201(a)(1) and 1201(c) |
| CARLOS ANTONIO HERNANDEZ, and | : | (Kidnapping and Conspiracy to Commit |
| LUCILO CABRERA | : | Kidnapping) |
| | : | |
| | : | 18 U.S.C. § 1951(a) |
| | : | (Hobbs Act Extortion and Conspiracy to |
| | : | Commit Hobbs Act Extortion) |
| | : | |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting) |

SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment, unless otherwise indicated:

1.     ISM, whose identity is known to the Grand Jury, was an adult woman who did not speak English and was traveling in the United States for the first time from Guatemala in an effort to seek asylum.

2.     RM, whose identity is known to the Grand Jury, was an adult woman who lived in Hartford, Connecticut and was the sister of ISM.

3.     Minor Victim One, whose identity is known to the Grand Jury, was an 11-year-old girl, who was the niece of ISM and the daughter of RM.   Minor Victim One did not speak English and was traveling in the United States for the first time.

4.      IML, whose identity is known to the Grand Jury, was an adult woman who did not speak English and was traveling in the United States for the first time from Honduras in an effort to seek asylum.

5.      Minor Victim Two, whose identity is known to the Grand Jury, was a six-year-old boy, who was the son of IML.    Minor Victim Two did not speak English and was traveling in the United States for the first time.

6.      Minor Victim Three, whose identity is known to the Grand Jury, was an infant girl who was the daughter of IML.    Minor Victim Three did not speak English and was traveling in the United States for the first time.

7.      DML, whose identity is known to the Grand Jury, was an adult woman who lived in Hartford, Connecticut, and was the sister of IML.

8.      RSG, whose identity is known to the Grand Jury, was an adult woman who did not speak English and was traveling in the United States for the first time from Guatemala in an effort to seek asylum.

9.      Minor Victim Four, whose identity is known to the Grand Jury, was a two-year-old boy, who was the son of RSG.    Minor Victim Four did not speak English and was traveling in the United States for the first time.

10.      DV, whose identity is known to the Grand Jury, was an adult woman who lived in Bridgeport, Connecticut, and was the cousin of RSG.

11.      AJAS, whose identity is known to the Grand Jury, was an adult man who did not speak English and was traveling in the United States for the first time from Guatemala in an effort to seek asylum.

12.      WRAA, whose identity is known to the Grand Jury, was an adult man who lived in

New Haven, Connecticut, and was the cousin of AJAS.

13.     NZG, whose identity is known to the Grand Jury, was an adult man who did not speak English and was traveling in the United States for the first time from Honduras in an effort to seek asylum.

14.     Minor Victim Five, whose identity is known to the Grand Jury, was an eight-year-old boy, who was the son of NZG.   Minor Victim Five did not speak English and was traveling in the United States for the first time.

15.     EAM, whose identity is known to the Grand Jury, was an adult man who lived in East Hartford, Connecticut, and was related by marriage to NZG and Minor Victim Five.

COUNT ONE
(Conspiracy to Commit Kidnapping)
(Defendants BETANCOURT, HERNANDEZ, and CABRERA)

16.     The allegations in Paragraphs 1 through 15 are restated as if fully alleged herein.

17.     From a date unknown, but not later than in or about June 2014 and continuing to a date unknown, but not earlier than in or about January 2017, the defendants, FRANCISCO BETANCOURT, CARLOS ANTONIO HERNANDEZ and LUCILO CABRERA, in the District of Connecticut and elsewhere, did, knowingly, willfully, and unlawfully, combine, conspire, confederate and agree with each other, and with other persons known and unknown to the grand jury, to unlawfully seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold undocumented immigrants for ransom and reward and otherwise and, in committing or in furtherance of the commission of the offense, did willfully transport said undocumented immigrants in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone, in committing and in furtherance of the commission of the offense.

The Principal Object of the Conspiracy

18.     The principal object of the conspiracy was to enrich FRANCISCO BETANCOURT, CARLOS ANTONIO HERNANDEZ, and LUCILO CABRERA.

The Manner and Means of the Conspiracy

19.     It was part of the conspiracy that FRANCISCO BETANCOURT or LUCILO CABRERA approached Victims after they exited buses at the Port Authority in New York, and falsely told the Victims that their connecting bus was unavailable.

20.     It was part of the conspiracy that FRANCISCO BETANCOURT or LUCILO CABRERA asked the Victims for the phone number of their family members in the United States.

21.     It was part of the conspiracy that FRANCISCO BETANCOURT or LUCILO CABRERA contacted the Victims' family members via phone and falsely told them that the Victims could not travel by bus, and that BETANCOURT or CABRERA would arrange for the transportation of the Victims to their family in exchange for money.

22.     It was part of the conspiracy that FRANCISCO BETANCOURT took the Victims to another location where they met CARLOS ANTONIO HERNANDEZ.

23.     It was part of the conspiracy that FRANCISCO BETANCOURT, CARLOS ANTONIO HERNANDEZ, and LUCILO CABRERA drove the Victims within New York and then often drove them from New York to Connecticut.

24.     It was part of the conspiracy that FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ did not release the Victims until BETANCOURT and HERNANDEZ were paid in part or in full.

25.     It was part of the conspiracy that FRANCISCO BETANCOURT, CARLOS ANTONIO HERNANDEZ, and LUCILO CABRERA did not release the Victims' property until

4

BETANCOURT, HERNANDEZ, and CABRERA were paid in part or in full.

Overt Acts

26.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed on or about June 24, 2014, in the District of Connecticut and elsewhere:

      a.  Defendant FRANCISCO BETANCOURT approached ISM at the Port Authority Bus Terminal in New York, and asked for her bus ticket.

      b.  Defendant FRANCISCO BETANCOURT told ISM in sum and substance that there was no bus travelling to her final destination in Connecticut;

      c.  Defendant FRANCISCO BETANCOURT kept ISM's bus ticket;

      d.  Defendant FRANCISCO BETANCOURT called RM and told her that ISM and Minor Victim One were lost and far away from New York City;

      e.  Defendant LUCILO CABRERA called RM and told her that ISM and Minor Victim One were in Buffalo, New York;

      f.  Defendant LUCILO CABRERA refused RM's request that he leave ISM and Minor Victim One at their current location;

      g.  Defendants FRANCISCO BETANCOURT and LUCILO CABRERA placed ISM and Minor Victim One into a car and drove to Connecticut; and

      h.  Defendants FRANCISCO BETANCOURT and LUCILO CABRERA held ISM's immigration paperwork and Guatemalan identification until RM paid him money.

27.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed on or about September 11, 2016, in the District of Connecticut and elsewhere:

      a.  Defendant FRANCISCO BETANCOURT approached IML at the Port Authority Bus Terminal in New York, and asked for her bus ticket.

      b.  Defendant FRANCISCO BETANCOURT told IML in sum and substance that there was no bus travelling to her final destination in Connecticut;

5

c. Defendant FRANCISCO BETANCOURT kept IML's bus ticket;

d. Defendant FRANCISCO BETANCOURT called DML and told her that IML, Minor Victim Two and Minor Victim Three were in upstate New York;

e. Defendant FRANCISCO BETANCOURT had telephonic contact with defendant LUCILO CABRERA while holding IML, Minor Victim Two and Minor Victim Three;

f. Defendant FRANCISCO BETANCOURT took IML, Minor Victim Two and Minor Victim Three from Manhattan to Brooklyn, New York;

g. Defendants FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ placed IML, Minor Victim Two and Minor Victim Three into a car despite IML's request to stay in New York;

h. Defendant CARLOS ANTONIO HERNANDEZ drove IML, Minor Victim Two and Minor Victim Three to Connecticut to a destination of his selection, which was unknown to IML, Minor Victim Two, Minor Victim Three and DML;

i. Defendant CARLOS ANTONIO HERNANDEZ held Minor Victim Two in a locked car and refused to release him until DML paid him money; and

j. Defendant CARLOS ANTONIO HERNANDEZ called defendant FRANCISCO BETANCOURT to tell FRANCISCO BETANCOURT that CARLOS ANTONIO HERNANDEZ had been paid by DML.

28. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed on or about October 21, 2016, in the District of Connecticut and elsewhere:

a. Defendant FRANCISCO BETANCOURT approached RSG at the Port Authority Bus Terminal in New York, and asked for her bus ticket.

b. Defendant FRANCISCO BETANCOURT told RSG in sum and substance that there was no bus travelling to her final destination in Connecticut;

c. Defendant FRANCISCO BETANCOURT kept RSG's bus ticket;

d. Defendant FRANCISCO BETANCOURT called DV and told her that RSG and Minor Victim Four were in upstate New York;

e. Defendant FRANCISCO BETANCOURT had telephonic contact with defendant

LUCILO CABRERA while holding RSG and Minor Victim Four;

    f.   Defendant FRANCISCO BETANCOURT took RSG and Minor Victim Four from Manhattan to Brooklyn, New York;

    g.   Defendants FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ placed RSG and Minor Victim Four into a car;

    h.   Defendant CARLOS ANTONIO HERNANDEZ drove RSG and Minor Victim Four to Connecticut;

    i.   Defendant CARLOS ANTONIO HERNANDEZ held RSG and Minor Victim Four in a locked car and refused to release them until DV paid him money;

    j.   Defendant CARLOS ANTONIO HERNANDEZ called defendant FRANCISCO BETANCOURT to tell FRANCISCO BETANCOURT that CARLOS ANTONIO HERNANDEZ had been paid by DV; and

    k.   Defendant FRANCISCO BETANCOURT had telephonic contact with defendant LUCILO CABRERA after being notified that defendant CARLOS HERNANDEZ had been paid by DV.

29.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed on or about November 13, 2016, in the District of Connecticut and elsewhere:

    a.   Defendant FRANCISCO BETANCOURT approached AJAS at the Port Authority Bus Terminal in New York, and asked for his bus ticket.

    b.   Defendant FRANCISCO BETANCOURT told AJAS in sum and substance that buses could not travel to his final destination in Connecticut because of protests;

    c.   Defendant FRANCISCO BETANCOURT kept AJAS's bus ticket;

    d.   Defendant FRANCISCO BETANCOURT and LUCILO CABRERA called WRAA and told him that AJAS were in upstate New York;

    e.   Defendant FRANCISCO BETANCOURT took AJAS to meet LUCILO CABRERA;

    f.   Defendants FRANCISCO BETANCOURT and LUCILO CABRERA placed AJAS into a car;

g. Defendant LUCILO CABRERA drove AJAS to Connecticut where he demanded and received money from WRAA;

h. Defendant LUCILO CABRERA had telephonic contact with defendant FRANCISCO BETANCOURT after being notified that defendant CARLOS HERNANDEZ had been paid by WRAA.

30.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed on or about January 18, 2017, in the District of Connecticut and elsewhere:

a. Defendant LUCILO CABRERA approached NZG at the Port Authority Bus Terminal in New York, and asked for his bus ticket.

b. Defendant LUCILO CABRERA told NZG in sum and substance that there were no buses traveling to Connecticut;

c. Defendant LUCILO CABRERA kept NZG's bus ticket;

d. Defendant LUCILO CABRERA called EAM and told him that NZG and Minor Victim Five were in Buffalo, New York;

e. Defendant LUCILO CABRERA placed NZG and Minor Victim Five into a car;

f. Defendant LUCILO CABRERA drove NZG and Minor Victim Five to Connecticut where he demanded and received money from EAM;

All in violation of Title 18, United States Code, Section 1201(c).

## COUNT TWO
(Conspiracy to Commit Hobbs Act Extortion)
(Defendants BETANCOURT, HERNANDEZ, and CABRERA)

31.    The allegations in Paragraphs 1 through 15 and 18 through 30 are restated as if fully alleged herein.

32.    From a date unknown, but not later than on or about June 24, 2014, and continuing to in or about January 2017, the defendants, FRANCISCO BETANCOURT, CARLOS ANTONIO HERNANDEZ and LUCILO CABRERA, in the District of Connecticut and elsewhere, did,

8

knowingly and willfully, combine, conspire, confederate and agree with each other, and with other persons known and unknown to the grand jury, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, defendants FRANCISCO BETANCOURT, CARLOS ANTONIO HERNANDEZ and LUCILO CABRERA conspired to obtain the property of RM, DML, DV, WRAA, and EAM with the victims' consent induced by the wrongful use of force, violence, and fear, including fear of economic loss.

All in violation of Title 18, United States Code, Section 1951(a).

## COUNT THREE
### (Kidnapping)
### (Defendants BETANCOURT and HERNANDEZ)

33.     The allegations in Paragraphs 4 through 7, and 27, are restated as if fully alleged herein.

34.     On or about September 11, 2016, the defendants, FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold IML for ransom and reward and otherwise, and aided and abetted each other in doing so and, in committing or in furtherance of the commission of the offense, did willfully transport IML in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone.

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT FOUR
### (Kidnapping)
### (Defendants BETANCOURT and HERNANDEZ)

35.     The allegations in Paragraphs 4 through 7, and 27, are restated as if fully alleged

herein.

36.     On or about September 11, 2016, the defendants, FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Minor Victim Two for ransom and reward and otherwise, and aided and abetted each other in doing so and, in committing or in furtherance of the commission of the offense, did willfully transport Minor Victim Two in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone, in committing and in furtherance of the commission of the offense.

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

<u>COUNT FIVE</u>
(Kidnapping)
(Defendants BETANCOURT and HERNANDEZ)

37.     The allegations in Paragraphs 4 through 7, and 27, are restated as if fully alleged herein.

38.     On or about September 11, 2016, the defendants, FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Minor Victim Three for ransom and reward and otherwise, and aided and abetted each other in doing so and, in committing and in furtherance of the commission of the offense, did willfully transport Minor Victim Three in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone, in committing and in furtherance of the commission of the offense.

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

COUNT SIX
(Hobbs Act Extortion)
(Defendants BETANCOURT and HERNANDEZ)

39.      The allegations in Paragraphs 4 through 7, and 27, are restated as if fully alleged herein.

40.      On or about September 11, 2016, the defendants, FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ, in the District of Connecticut and elsewhere, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, and aided and abetted each other in doing so, that is, defendants FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ obtained the property of DML with the victim's consent induced by the wrongful use of force, violence, and fear, including fear of economic loss.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT SEVEN
(Kidnapping)
(Defendants BETANCOURT and HERNANDEZ)

41.      The allegations in Paragraphs 8 through 10, and 28, are restated as if fully alleged herein.

42.      On or about October 21, 2016, the defendants, FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold RSG for ransom and reward and otherwise, and aided and abetted each other in doing so and, in committing or in furtherance of the commission of the offense, did willfully transport RSG in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone.

11

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

COUNT EIGHT
(Kidnapping)
(Defendants BETANCOURT and HERNANDEZ)

43.     The allegations in Paragraphs 8 through 10, and 28, are restated as if fully alleged herein.

44.     On or about October 21, 2016, the defendants, FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Minor Victim Four for ransom and reward and otherwise, and aided and abetted each other in doing so and, in committing or in furtherance of the commission of the offense, did willfully transport Minor Victim Four in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone.

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

COUNT NINE
(Hobbs Act Extortion)
(Defendants BETANCOURT and HERNANDEZ)

45.     The allegations in Paragraphs 8 through 10, and 28, are restated as if fully alleged herein.

46.     On or about October 21, 2016, the defendants, FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ, in the District of Connecticut and elsewhere, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, and aided and abetted each other in doing so, that is, defendants FRANCISCO BETANCOURT and CARLOS ANTONIO HERNANDEZ obtained the property of DV with the victim's consent induced by the

12

wrongful use of force, violence, and fear, including fear of economic loss.

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

COUNT TEN
(Kidnapping)
(Defendants BETANCOURT and CABRERA)

47.     The allegations in Paragraphs 11, 12, and 29 are restated as if fully alleged herein.

48.     On or about November 13, 2016, the defendants, FRANCISCO BETANCOURT and LUCILO CABRERA, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold AJAS for ransom and reward and otherwise, and aided and abetted each other in doing so and, in committing or in furtherance of the commission of the offense, did willfully transport AJAS in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone.

All in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

COUNT ELEVEN
(Hobbs Act Extortion)
(Defendants BETANCOURT and CABRERA)

49.     The allegations in Paragraphs 11, 12 and 29 are restated as if fully alleged herein.

50.     On or about November 13, 2016, the defendants, FRANCISCO BETANCOURT and LUCILO CABRERA, in the District of Connecticut and elsewhere, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, and aided and abetted each other in doing so, that is, defendants FRANCISCO BETANCOURT and LUCILO CABRERA obtained the property of WRAA with the victim's consent induced by the wrongful use of force, violence, and fear, including fear of economic loss.

13

All in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT TWELVE
### (Kidnapping)
### (Defendant CABRERA)

51.     The allegations in Paragraphs 13 through 15, and 30, are restated as if fully alleged herein.

52.     On or about January 18, 2017, the defendant, LUCILO CABRERA, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold NZG for ransom and reward and otherwise and, in committing and in furtherance of the commission of the offense, did willfully transport NZG in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone, in committing and in furtherance of the commission of the offense.

All in violation of Title 18, United States Code, Section 1201(a)(1).

## COUNT THIRTEEN
### (Kidnapping)
### (Defendant CABRERA)

53.     The allegations in Paragraphs 13 through 15, and 30, are restated as if fully alleged herein.

54.     On or about January 18, 2017, the defendant, LUCILO CABRERA, in the District of Connecticut and elsewhere, did, knowingly, intentionally and unlawfully, seize, confine, inveigle, decoy, kidnap, abduct, carry away and hold Minor Victim Five for ransom and reward and otherwise and, in committing and in furtherance of the commission of the offense, did willfully transport Minor Victim Five in interstate commerce, traveled in interstate commerce, and used a facility and instrumentality of interstate commerce, that is, a cellular telephone, in committing and

14

in furtherance of the commission of the offense.

All in violation of Title 18, United States Code, Section 1201(a)(1).

## COUNT FOURTEEN
(Hobbs Act Extortion)
(Defendant CABRERA)

55.     The allegations in Paragraphs 13 through 15, and 30, are restated as if fully alleged herein.

56.     On or about January 18, 2017, the defendant, LUCILO CABRERA, in the District of Connecticut and elsewhere, did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, Section 1951, that is, defendant CABRERA obtained the property of EAM with the victim's consent induced by the wrongful use of force, violence, and fear, including fear of economic loss.

15

All in violation of Title 18, United States Code, Section 1951(a).

TRUE BILL

/s/
FOREPERSON

DEIRDRE DALY
UNITED STATES ATTORNEY

VANESSA RICHARDS
ASSISTANT U.S. ATTORNEY

JACABED RODRIGUEZ-COSS
ASSISTANT U.S. ATTORNEY

16